IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LYLE VANDER SCHAAF, Personal
Representative of the Estate of
GREGORY VANDER SCHAAF,
deceased,

                            Plaintiff,

            vs.

MIDWEST TRANSFER & LOGISTICS, LLC
and MARK RHODES,

                            Defendants.

Case No. 07 C 6555
Judge Moran
Magistrate Judge Cox

### DEFENDANTS' ANSWER TO COMPLAINT AT LAW

NOW COME the Defendants, MIDWEST TRANSFER & LOGISTICS, LLC and MARK
RHODES, by and through their attorneys, RYAN, RYAN & LANDA, and for their Answer to the
Plaintiff's Complaint at Law states as follows:

### JURISDICTION

1.      Plaintiff, Lyle Vander Schaaf, Personal Representative of the Estate of Gregory
Vander Schaaf, deceased, is a citizen of the State of Washington, DC.

**ANSWER:**     The Defendants have insufficient knowledge as to the truth or falsity of the
allegations set forth in Paragraph 1 and therefore neither admit nor deny such allegations but
demand strict proof thereof.

2.      Defendants, Midwest Transfer & Logistics, LLC and Mark Rhodes, are citizens of
the State of Illinois.

**ANSWER:**     Admits.

3.      This Court has jurisdiction over all claims pursuant to 28 U.S.C. §1332(a)(1)

because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is a controversy between citizens of different states.

**ANSWER:**    Defendant has insufficient knowledge as to the truth or falsity of the allegations set forth in Paragraph 3 and therefore neither admits nor denies such allegations but demands strict proof thereof.

## <u>COUNT I</u>

1.    On April 19, 2006, Route 20 was a public highway running southeast and northwest in Coral, McHenry County, Illinois.

**ANSWER:**    Admits.

2.    At the time and place aforesaid, Defendant, Midwest Transfer & Logistics, owned, and by and through its' agent and/or employee, Mark Rhodes, operated a motor vehicle northwest on Route 20.

**ANSWER:**    Admits.

3.    At the time and place aforesaid, Mark Rhodes was the duly authorized agent or employee of Midwest Transfer & Logistics.

**ANSWER:**    Admits.

4.    At the time and place aforesaid, Mark Rhodes was acting within the scope of his employment with Midwest Transfer & Logistics.

**ANSWER:**    Admits.

5.    At the time and place aforesaid, plaintiff's decedent, Gregory Vander Schaaf, operated a motor vehicle southwest on Route 20.

**ANSWER:**    Denies that the Plaintiff's decedent was traveling southwest.

2

6.      At the time and place aforesaid, the motor vehicle operated by Mark Rhodes and the motor vehicle operated by plaintiff's decedent, Gregory Vander Schaaf, came into contact with each other.

**ANSWER:**    Admits that a collision occurred but denies any negligence on behalf of these Defendants.

7.      On April 19, 2006, Defendant, Midwest Transfer & Logistics, by and through its agent or employee, Mark Rhodes, was negligent in one or more of the following ways:

    a.    Operated his motor vehicle without keeping a proper and sufficient lookout;

    b.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of ILCS 1993, Chapter 625, Section 5/11-601;

    c.    Failed to decrease speed so as to avoid colliding with another vehicle, in violation of ILCS 1993, Chapter 625, Section 5/11-601;

    d.    Failed to drive vehicle as nearly as practicable entirely within a single lane without first ascertaining that movement from such lane could be made safely, in violation of ILCS 1993, Chapter 625, Section 5/11-709; and

    e.    Failed to drive upon the right half of the roadway, in violation of ILCS 1993, Chapter 625, Section 5/11-701.

**ANSWER:**    Denies each and every allegation set forth in Paragraph 7 including subparagraphs (a) through (e).

8.      As a proximate result of one or more of the foregoing negligent acts or omissions, plaintiff's decedent, Gregory Vander Schaaf, suffered injuries which resulted in his death on April 19, 2006.

**ANSWER:**    Denies.

3

9.      Gregory Vander Schaaf, deceased, left surviving him: Lyle Vander Schaaf, his brother, Kara Donoghue, his sister; Lynnette Vander Schaaf, his sister; and Marilyn Vander Schaaf, his mother.

**ANSWER:**    The Defendants have insufficient knowledge as to the truth or falsity of the allegations set forth in Paragraph 9 and therefore neither admit nor deny such allegations but demands strict proof thereof.

10.     Lyle Vander Schaaf is the Personal Representative of the Estate of Gregory Vander Schaaf, deceased, and brings this cause of action pursuant to the Illinois Wrongful Death Act.

**ANSWER:**    The Defendants have insufficient knowledge as to the truth or falsity of the allegations set forth in Paragraph 10 and therefore neither admit nor deny such allegations but demands strict proof thereof.

WHEREFORE, the Defendant, MIDWEST TRANSFER & LOGISTICS, LLC, denies that the Plaintiff is entitled to any judgment whatsoever.

## COUNT II

1.      On April 19, 2006, Route 20 was a public highway running southeast and northwest in Coral, McHenry County, Illinois.

**ANSWER:**    Admits.

2.      At the time and place aforesaid, defendant, MARK RHODES, operated a motor vehicle northwest on Route 20.

**ANSWER:**    Admits.

3.      At the time and place aforesaid, plaintiff's decedent, Gregory Vander Schaaf, operated a motor vehicle southwest on Route 20.

4

**ANSWER:**   Denies that Plaintiff's decedent was traveling southwest.

4.     At the time and place aforesaid, the motor vehicle operated by defendant, Mark

Rhodes, and the motor vehicle operated by plaintiff's decedent, Gregory Vander Schaaf, came into

contact with each other.

**ANSWER:**   Admits that a collision occurred but denies any negligence on the part of this

Defendant.

5.     On April 19, 2006, defendant, Mark Rhodes, was negligent in one or more of the

following ways:

      a.     Operated his motor vehicle without keeping a proper and sufficient lookout;

      b.     Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property in violation of ILCS 1993, Chapter 625, Section 5/11-601;

      c.     Failed to decrease speed so as to avoid colliding with another vehicle in violation of ILCS 1993, Chapter 625, Section 5/11-601;

      d.     Failed to drive vehicle as nearly as practicable entirely within a single lane without first ascertaining that movement from such lane could be made safely, in violation of ILCS 1993, Chapter 625, Section 5/11-709; and

      e.     Failed to drive upon the right half of the roadway in violation of ILCS 1993, Chapter 625, Section 5/11-701.

**ANSWER:**   Denies each and every allegation set forth in Paragraph 5 including

subparagraphs (a) through (e).

6.     As a proximate result of one or more of the foregoing negligent acts or omissions,

plaintiff's decedent, Gregory Vander Schaaf, suffered injuries which resulted in his death on April

19,

2006.

     **ANSWER:**    Denied.

     7.     Gregory Vander Schaaf, deceased, left surviving him: Lyle Vander Schaaf, his

brother; Kara Donoghue, his sister; Lynnette Vander Schaaf, his sister; and Marilyn Vander Schaaf,

his mother.

     **ANSWER:**    Defendant has insufficient knowledge as to the truth or falsity of the

allegations set forth in Paragraph 7 and therefore neither admits nor denies such allegations but

demands strict proof thereof.

     8.     Lyle Vander Schaaf, is the Personal Representative of the Estate of Gregory Vander

Schaaf, deceased, and brings this cause of action pursuant to the Illinois Wrongful Death Act.

     **ANSWER:**    Defendant has insufficient knowledge as to the truth or falsity of the

allegations set forth in Paragraph 8 and therefore neither admits nor denies such allegations but

demands strict proof thereof.

     WHEREFORE, the Defendant, MARK RHODES, denies that the Plaintiff is entitled to any

judgment whatsoever.

                  /s/ Scott R. Landa
               Scott R. Landa
               RYAN, RYAN & LANDA
               209 W. Madison Street
               1st Floor
               Waukegan, IL 60085
               847/244-1436