Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6555 | **DATE** | July 20, 2010 |
| **CASE TITLE** | *Vander Schaff v. Midwest Transfer* | | |

**DOCKET ENTRY TEXT:**

The defendants' motion to reconsider [#114] is denied. The pretrial conference is reset to 8/5/2010 at 12:00 p.m. Briefing on the motions in limine shall proceed as follows: responses shall be filed by 7/26/2010 and replies shall be filed by 7/29/2010. No extensions of this schedule will be granted.

■ [ For further details see text below.]

## STATEMENT

The defendants seek reconsideration of the court's July 8, 2010, order denying the defendants' motion in limine No. 1, which sought to exclude evidence of loss of society damages by anyone other than Stephen Sorgatz (also known as Stephen Tovar). *See* Dkt. 102. The court will assume familiarity with its July 8th order which, among other things, rejected the defendants' arguments based on South Dakota law and concluded that Gregory's Estate may seek damages based on the loss suffered by Gregory's parent/siblings, and that loss will not be limited to damages that could have been recovered by Stephen as of the time of Gregory's death.

The defendants take issue with the court's conclusions regarding waiver. The defendants essentially say that they raised the South Dakota issue as soon as they discovered it. The point, however, is not whether they raised it after they discovered it. It is whether they could and should have discovered it and brought it to the court's attention earlier. The defendants stipulated to the application of Illinois law and presented arguments about the effect of the disclaimer under Illinois law, and the court and the parties proceeded accordingly. Under the law of the case doctrine, the defendants are bound by their earlier decision and cannot relitigate this case from scratch by challenging the validity of the disclaimer at this time.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

The Seventh Circuit's discussion in *Carr v. O'Leary* is instructive:

> [E]ven when the leeways built into the law of the case doctrine would allow a district judge to change her prior ruling if the party urging the change had preserved the ground for the change, if he has not done so the judge may be barred by the party's waiver. The doctrine of waiver would have little bite otherwise. Suppose a defendant fails to plead the statute of limitations in timely fashion and as a result the district judge holds that the suit is not time-barred; for normally the failure to plead a defense in timely fashion is a waiver. Later the defendant discovers the statute of limitations and urges the district judge to change her ruling, pointing out that under the law of the case doctrine a ruling can be changed if shown to be erroneous. If the judge were free to accept this argument, it would be tantamount to ignoring waiver.

167 F.3d 1124, 1126 (7th Cir. 1999) (internal citations omitted).

Such is the case here. The defendants litigated this case and subsequently discovered an issue with the disclaimer. If they are permitted to challenge the disclaimer under South Dakota law, the parties are back at square one on the eve of trial. This is impermissible. *Id*. The defendants accepted the disclaimer and litigated its legal effect under Illinois law.

Moreover, the complaint in this case predates the disclaimer. The defendants represent that for a period of time, the disclaimer could have been executed in conformance with South Dakota law, but the time for doing so has now passed. The court will accept this representation for purposes of the defendants' present motion. The defendants proceeded as if it was valid and either failed to investigate whether it was in fact valid or failed to advise the court that it might not be valid. They may now regret that decision, aided by the wisdom of 20/20 hindsight, but they are nevertheless bound by it.

Thus, the court declines to revisit its July 8th order. It further clarifies that based on the doctrines of waiver and law of the case, the plaintiffs need not establish that the disclaimer is valid under South Dakota law, as the defendants cannot challenge the disclaimer at this point in the proceedings. The court also declines to consider the defendants' new argument that the disclaimer is invalid under Illinois law, as the defendants did not raise this issue the first time the court considered the effect of the disclaimer. Similarly, it declines to consider the defendants' new argument that any award to the beneficiaries in this case will be uncollectable under South Dakota law as this argument is untimely. In any event, it is unclear whether, even if this argument had been timely raised, it would be properly before this court as opposed to a South Dakota court.