# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LYLE VANDER SCHAAF, Personal Representative of the Estate of GREGORY VANDER SCHAAF, deceased,<br>    Plaintiff,<br><br>v.<br><br>MIDWEST TRANSFER & LOGISTICS, LLC and MARK RHODES,<br>    Defendants. | 07 C 6555 |

## MEMORANDUM AND ORDER

Eight motions in limine filed by plaintiff Lyle Vander Schaaf, the personal representative of the estate of Gregory Vander Schaff, and five motions filed by defendants Mark Rhodes and Midwest Transfer & Logistics are before the court.[1] Familiarity with the record and the court's prior rulings is assumed for the purposes of this order.

### Plaintiff's Motion in Limine No. 1 to Bar Reference to Stephen Sorgatz, the Disclaimer, any South Dakota Probate Papers and any No Contact Orders [#117]

The plaintiff seeks to bar reference to the existence of Gregory's son, Stephen Sorgatz. Gregory placed Stephen for adoption. Stephen disclaimed his interest in Gregory's estate after Gregory's death, leading to protracted litigation before this court. The court has held that due to the disclaimer, Stephen predeceased Gregory as a matter of law. This leaves Gregory's mother and siblings as beneficiaries. The court also held that the mother and siblings' damages are measured based on their relationship with Gregory, and are not capped by what Stephen's

---

[1] The court has previously ruled on the defendants' first motion in limine, which asserted arguments about the disclaimer's effect on the calculation of damages.

damages would be based on his relationship with Gregory. Finally, it held that the defendants had waived any arguments based on South Dakota law or claims that the disclaimer was invalid.

Based on the court's prior rulings, evidence about the disclaimer and its legal effect (that Stephen is deemed to have predeceased Gregory) is excluded. The jury instructions can identify the mother/siblings as the beneficiaries, so evidence about the disclaimer and its effect on the ability of Gregory's beneficiaries to recover damages is irrelevant and will only serve to confuse the jury. For the same reasons, the South Dakota probate papers are inadmissible to the extent that the defendants seek to use them to contend that the disclaimer was invalid or relitigate the effect of the disclaimer. The court also notes that evidence about the disclaimer and the South Dakota probate proceedings is additionally irrelevant as these proceedings occurred after Gregory died. Thus, they could not have affected the relationship between Gregory and his mother/siblings while Gregory was still alive.

The plaintiff also seeks to bar evidence about a no contact order between Gregory and Stephen. The parties have not provided any details regarding the order. Thus, the court denies the motion without prejudice. However, any requests to utilize the order must be made outside the presence of the jury. The parties are advised that to the extent that the defendants contend that the existence of the no contact order caused a strained relationship between Gregory and the mother/siblings, references to the order appears to be relevant. However, the specific circumstances relating to the no contact order appear to be unduly prejudicial and tangential. For example, sibling X could testify that the existence of the no contact order disrupted a family Thanksgiving gathering and thus strained the relationship between sibling X and Gregory

because Gregory and Stephen could not both attend. However, that sibling may not testify as to the details of the no contact order.

**Plaintiff's Motion in Limine No. 2 to Bar Reference to
Gregory Vander Schaaf's Alcohol and Mental Health Treatment [#118]**

The plaintiff seeks to exclude evidence about Gregory's alcohol and mental health treatment. Evidence of strained relations between Gregory and the mother/siblings due to alcohol use or treatment for alcohol or mental health issues at specific times is admissible since the purpose of the trial is to assess damages flowing from Gregory's death based on his relationship with his mother/siblings. However, the details of the treatment are not probative of any of the factual issues to be determined at trial and are unduly prejudicial. The court further notes that no experts are testifying at trial, and the mother/siblings, as lay witnesses, cannot testify as to Gregory's mental condition. They may only testify about the details of their relationship with Gregory. Thus, the motion is granted in part and denied in part.

**Plaintiff's Motion in Limine No. 3 to Bar Reference to
Gregory Vander Schaaf's Smoking and Diabetes [#119]**

The plaintiff seeks to bar the introduction of evidence about Gregory's diabetes (the record does not indicate which type) and history of smoking (the length of which is unspecified), to be used for the purpose of arguing that these conditions decreased his expected life span and thus affects loss of society damages. No expert discovery was taken in this case. The defendants did not identify the evidence they wish to introduce to support their claim that diabetes and smoking shortened Gregory's lifespan to an unspecified extent.

Given that no medical evidence appears to support their position, it is unclear whether the defendants will be able to present any admissible evidence at trial about the impact of medical

conditions on Gregory's estimated lifespan. The court thus grants the plaintiff's motion in limine without prejudice to the defendants' ability to raise this issue again at trial outside the presence of the jury, accompanied by an offer of proof.

**Plaintiff's Motion in Limine No. 4 to Bar Reference to Gregory Vander Schaaf's Possible Marijuana Use Over 30 Years Ago [#120]**

The plaintiff represents that Gregory may have smoked marijuana in high school approximately thirty years ago and asks the court to bar any reference to marijuana use. Gregory was never convicted of any offenses connected to this alleged use of an illegal substance. The defendants do not object, with the understanding that they can introduce evidence about the alleged marijuana use if the plaintiff introduces evidence that Gregory never used illegal drugs at any time in his past. With this understanding, and based on the length of time that has transpired since the alleged marijuana use, the plaintiff's fourth motion in limine is granted.

**Plaintiff's Motion in Limine No. 5 to Bar Reference to Gregory Vander Schaaf's Separation from the National Guard [#121]**

The plaintiff seeks to bar evidence about Gregory's separation from the National Guard, which his relatives described as "less than honorable." The defendants do not object, with the understanding that they can introduce evidence about this subject if the plaintiff introduces evidence about his separation from the National Guard. Based on this understanding, the plaintiff's fifth motion in limine is granted.

**Plaintiff's Motion in Limine No. 6 to Bar Evidence of Gregory Vander Schaaf's Being Physically Attacked While Working As A Truck Driver [#122]**

Next, the plaintiff seeks to bar evidence showing that Gregory was attacked while working as a truck driver. The defendants do not object, so the motion is granted.

**Plaintiff's Motion in Limine No. 7 to Bar Reference
to Any Alleged Criminal Record of Gregory Vander Schaaf [#123]**

According to the plaintiff, family members were asked at their depositions whether Gregory had been convicted of any crimes, and no evidence shows he was ever convicted of any crimes. The defendants do not object, so the plaintiff's seventh motion in limine is granted.

**Plaintiff's Motion in Limine No. 8 To Bar Reference To An Alleged Altercation
Between Gregory Vander Schaaf and Kara Donoghue Over 25 Years Ago [#124]**

Kara Donoghue (Gregory's sister) testified that Gregory held her down and threatened her with violence in 1984 or 1985. Kara also asserts that his alcoholism strained their relationship and that Gregory was hospitalized for mental health treatment based on threats made to an auto mechanic shop employee. In addition, another sister (Lynette Vander Schaff) testified that Kara told her that Gregory once threatened Kara with a firearm. The plaintiff's reply only appears to address the firearm issue. According to the plaintiff, the amount of time that has passed since the incident means that the probative value of the evidence is outweighed by its prejudicial effect.

The court finds that evidence about altercations between Gregory and his sisters is directly relevant to the damages at issue in this case, as the type of relationship Gregory had with his mother and siblings will form the basis of the jury's damages calculations. To the extent the plaintiff contends that any incidents are remote in time or did not have a lasting effect on the siblings' relationships, he can pursue this line of questioning at trial.

The court notes that this ruling is limited to any violence or threatened violence between Gregory and his mother/siblings, and the effect that it had. The defendants may not introduce evidence about other threatened violence against non-family members (*e.g.,* the auto mechanic) unless they first demonstrate, outside the presence of the jury, that it is relevant to the

relationship between Gregory and his mother/siblings. In addition, witnesses may not introduce hearsay (*e.g.*, Lynette may not testify that Kara told her that Gregory once threatened Kara with a firearm) unless the defendant first demonstrates, outside the presence of the jury, that an exception to the hearsay rule applies.

**Defendants' Motion in Limine No. 2 – "General Motions" [#109]**

The defendants' second motion in limine contains fifteen motions in limine. The court appreciates counsel's attempt to group short motions together to avoid deluging the court with motions.

*Insurance*

The parties agree that the plaintiff may not submit evidence showing that the defendants were covered by a policy of insurance. This motion is granted.

*Exclusion of Witnesses*

The defendants seek to bar the plaintiff's witnesses from the courtroom while the trial is in progress. The plaintiff objects, contending that Gregory's relatives are the real parties in interest and thus are entitled to be present. Alternatively, they submit that if the court excludes family members, it should inform the jurors, or allow plaintiff's counsel to inform the jurors, that the family members are not permitted in the courtroom prior to their testimony and that is why they are not present so jurors do not speculate that the family members do not care enough about the trial flowing from their son/brother's death enough to attend.

The court finds that the plaintiff's alternative position is fair and appropriate. Since the family members are the central witnesses in this trial, exclusion is proper, but there is no reason to exclude them after their testimony is complete. Moreover, the court agrees that clarifying the

reason the family members are not present for the entire trial before trial starts will avoid any prejudice to the plaintiff. The parties are directed to confer and submit an agreed joint statement for the court to read to the jury prior to the start of trial.

*Motions to Exclude Offers of Settlement/Relative Wealth of Any Party/Lost Wages/Whether or Not a Defendant or Representative of Defendant Is Present During Trial/Defendants' Ability To Pay Any Judgment/Gregory's Medical Condition or Any Reference To the Pain He Experienced/Criminal Conviction of Defendant Mark Rhodes and Convictions or Arrests of <u>Gregory Vander Schaaf</u>*

These motions are unopposed and as such, are granted. These rulings apply to both sides.

*<u>Diaries/Notes About the Impact of Gregory's Death</u>*

The defendants seek to bar the plaintiff from "presenting any evidence to the jury concerning any notes, letters or correspondence to Gregory Vander Schaaf's family regarding their thoughts or the thoughts of others following Gregory's death." The court presumes that the defendants are referring to diaries of some sort. The plaintiff states that the scope of this motion is unclear but they will not be seeking to admit any notes. Thus, the motion is granted.

*<u>Funeral Home Book/Eulogy/Sympathy Cards</u>*

These motions are unopposed and thus are granted.

*<u>Pecuniary Loss</u>*

The defendants seek to bar the plaintiff from making any statement or argument that Gregory's siblings suffered a pecuniary loss as the result of his death. This motion is denied as unnecessary based on the plaintiff's counsel's representation that he knows the law and will not misstate it to the jury.

**Defendants' Motion in Limine No. 3 to Bar Introduction of Family Photographs [#110]**

Next, the defendants move for an order in limine excluding from evidence pictures and testimony about pictures of Gregory Vander Schaaf, whether depicted by himself or with family members. The defendants contend that they only recently learned that the plaintiff intended to use such pictures as trial exhibits, and that the plaintiff failed to produce them earlier during initial Rule 26(a) disclosures and again in response to a specific Rule 34 request for "all photographs . . . pertaining to the parties." The defendant contends that the photographs should be excluded as a sanction for the plaintiff's failure to disclose the pictures during discovery.

In the proposed final pretrial order, the defendants state that they seek to exclude five photographs of Gregory Vander Schaaf, one in which he is depicted alone and four in which he is depicted with family members. Unfortunately, attached to the proposed order as Exhibit 6 are nine photographs of Gregory Vander Schaaf and, therefore, the court is unsure about which five of the nine photographs are the subject of the motion to exclude.

Under Rule 37, if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." The defendants argue that they have been prejudiced by the last-minute disclosure of pictures because they have been "precluded from conducting discovery on the photos to ascertain when they were taken, who is depicted, the circumstances surrounding the event or any other facts which Plaintiff would introduce when presenting these photos to the jury."

The prejudices identified by the defendants do not pertain to depictions of Gregory Vander Schaaf by himself as an adult. Such photographs would serve merely to, as the plaintiff

has stated, "put a face on the decedent." *See Caponi v. Larry's 66*, 601 N.E.2d 1347, 1357-58 (Ill. App. Ct. 1992) (Illinois courts routinely admit pictures of the decedent as evidence relevant to a claim of loss of society under Illinois' Wrongful Death Act). Therefore, the motion to exclude pictures of Gregory Vander Schaaf in which he alone is depicted is denied.

As for pictures of Gregory Vander Schaaf with others, the defendants have not identified which specific pictures in Exhibit 6 are the subject of their motion to exclude. For the purposes of this motion, the court assumes that the defendants are seeking to exclude all non-produced photographs depicting Gregory and at least one other person. The plaintiff represents that the failure to produce the photographs was inadvertent.

The court appreciates that non-production was not intentional. It nevertheless finds that it would be unfairly prejudicial to allow the plaintiff to present group pictures when the defendants did not have an opportunity to inquire about them when deposing the mother/siblings. It is entirely possible that seeing the photographs would have jogged the mother/siblings' memories and that they would have been able to comment on the family situation at the time the pictures were taken. It is unfair to allow the plaintiff to use group photographs to depict the Vander Shaafs as a happy family without any opportunity for the defendants to pursue discovery as to the circumstances surrounding the pictures.[2] Moreover, the plaintiff will not be prejudiced by the exclusion of the non-disclosed photographs as the pretrial order indicates that the plaintiff

---

[2] To stave off a motion to reconsider the court's ruling regarding the use of pictures of Gregory by himself, the court notes that such pictures can be used only to personify Gregory. Pictures of Gregory and others, however, necessarily depict a group of people who interacted with each other in specific ways at the time the photographs were taken. To the extent that the plaintiff wants to use group pictures, he is doing so to demonstrate the relationships between people in the pictures. As such, the defendants were entitled to pursue discovery prior to the use of the pictures at trial.

intends to have family members testify. Thus, the plaintiff may present pictures of Gregory by himself but may not present pictures of Gregory with others. The parties shall meet and confer prior to the pretrial conference and attempt to reach agreement as to what pictures will be used at trial.

**Defendants' Motion in Limine No. 4 to Bar Beneficiaries From**
**Presenting Evidence About Their Grief and Mental Anguish [#111]**

The defendants seek to bar the plaintiff from introducing any evidence about the grief and mental anguish that Gregory's mother and siblings suffered upon hearing about Gregory's death. Gregory died on April 19, 2006, when he was driving a truck in the course of his employment and he was fatally struck by a truck driven by defendant Mark Rhodes, who was employed by defendant Midwest Transfer & Logistics. According to the defendants, under the version of the Illinois Wrongful Death Act in effect at the time of Gregory's death, damages cannot be awarded based on the mother/sibling's grief or mental anguish resulting from Gregory's death.

In response, the plaintiff states that he will not seek to recover for grief and sorrow and, instead, will limit his requests for damages to loss of society and companionship. He also asserts that the defendants' motion in limine is vague and suggests that if a particular question is objectionable, defendants' counsel should object. This suggestion is at odds with the purpose of motions in limine.

The motion is granted. The "plaintiff may not inquire into the mental, emotional, and physical reactions of family members to the death[] of decedent[] because such inquiries are irrelevant to claims for loss of society and companionship." *First American Bank ex rel. Estate*

*of Montero v. Western DuPage Landscaping, Inc.*, No. 00 C 4026, 2005 LEXIS 20732, at *4 (N.D. Ill. Sep. 19, 2005). This means:

> plaintiff may not offer evidence or seek to introduce testimony in the following areas: how family members learned of decedent['s] death[] or their reaction to this news; funerals and funeral arrangements; how the families mourned or continue to mourn decedent['s] death[]; activities that are "too painful" because of the memories they elicit; how the family will no longer go to certain places, interact with certain people, or engage in certain activities because of painful memories; [and] bad dreams, sleeplessness, depression, physical illness, etc. The parties should note that this is not an exhaustive list of verboten topics. Before inquiring into related areas or potentially forbidden topics, the parties should notify the court of their intentions.

*Id*.

### **Defendants' Motion in Limine No. 5 to Bar Evidence About the Accident [#112]**

The defendants seek to bar introduction "regarding any facts of the accident" which resulted in Gregory's death. The defendants do not contest liability and the parties agree that no evidence about Mark Rhodes' cocaine use at the time of the accident, coroner's findings, and similar details about the accident will be presented. The court agrees with the plaintiff that the defendants' motion is overbroad. The defendants say that they have agreed to stipulated facts about the accident but simultaneously contend that *all* details regarding the accident should be excluded. The stipulations about the accident are proper, and the parties may present basic facts about the accident necessary to understand what happened. Details about the accident itself are not relevant, but the line between appropriate general information and excessive detail will have to be drawn at trial. This motion is, therefore, denied without prejudice.

**Defendants' Motion in Limine No. 6 to Bar Introduction of
Evidence About Marilyn Vander Schaff's Prior Occupation [#113]**

Marilyn Vander Schaff, Gregory's mother, previously worked as a para-educator, focusing on handicapped children in schools and group homes. The defendants contend that evidence indicating she is retired could cause jurors to believe she has limited means and to award her damages based on her perceived financial condition. The court believes that the defendants' position is entirely speculative. Marilyn's employment situation could conceivably be relevant to the kind of relationship she was able to have with Gregory. As such, this information would be admissible. To the extent that the plaintiff seeks to use this evidence for another purpose, the court will consider it in context at trial.

## Conclusion

As detailed above, the court rules on the parties' motions in limine as follows:

1. The following motions in limine are granted in part and denied in part:

    — Plaintiff's motion in limine No. 1 to bar reference to Stephen Sorgatz, the disclaimer, any South Dakota probate papers and any no contact orders [#117].

    — Plaintiff's motion in limine No. 2 to bar reference to Gregory Vander Schaaf's alcohol and mental health treatment [#118].

    — Defendants' motion in limine No. 2 – "General Motions" [#109].

2. The following motion in limine is granted without prejudice to the defendants' ability to raise this issue again at trial outside the presence of the jury, accompanied by an offer of proof:

    — Plaintiff's motion in limine No. 3 to bar reference to Gregory Vander Schaaf's smoking and diabetes [#119].

3. The following motions in limine are granted:

— Plaintiff's motion in limine no. 4 to bar reference to Gregory Vander Schaaf's possible marijuana use over 30 years ago [#120].

— Plaintiff's motion in limine no. 5 to bar reference to Gregory Vander Schaaf's separation from the National Guard [#121].

— Plaintiff's Motion in Limine No. 6 to Bar Evidence of Gregory Vander Schaaf's Being Physically Attacked While Working As A Truck Driver [#122].

— Plaintiff's motion in limine No. 7 to bar reference to any alleged criminal record of Gregory Vander Schaaf [#123].

— Defendants' motion in limine No. 4 to bar beneficiaries from presenting evidence about their grief and mental anguish [#111].

4. The following motions in limine are denied:

— Plaintiff's motion in limine No. 8 to bar reference to an alleged altercation between Gregory Vander Schaaf and Kara Donoghue [#124].

— Defendants' motion in limine No. 6 to bar introduction of evidence about Marilyn Vander Schaff's prior occupation [#113].

5. The following motion in limine is denied without prejudice:

— Defendants' motion in limine No. 5 to Bar evidence about the accident [#112].

6. Defendants' motion in limine No. 3 to bar introduction of family photographs [#110] is denied as to pictures of Gregory by himself. However, it is granted as to pictures of Gregory with others. The parties shall meet, confer, and attempt to reach agreement as to what pictures will be used at trial.

DATE: August 5, 2010

_____
Blanche M. Manning
United States District Judge